IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

KESTERS MERCHANDISING DISPLAY )
INTERNATIONAL, INC., )
 )
                      Plaintiff, )
 ) Case No.: 16-2783-DDC
   v. )
 )
EDWARD WALDMAN and )
E.H. WALDMAN ART & FURNITURE )
STUDIO, LLC., )
                      Defendants. )

## JOINT PROTECTIVE ORDER

The parties to this case have advised the Court that during discovery, the parties or third parties may be required to produce documents, answer interrogatories, and provide testimony and other information that may contain Confidential Information (defined below) that should be kept confidential. To prevent injury through improper disclosure of this type of information, to allow discovery to proceed without delay, and to avoid disputes regarding the confidential nature of such information, the Court finds that good cause exists under Rule 26(c) of the Federal Rules of Civil Procedure for the following protections and procedures.

    **1.**      **Definitions.**

    **1.1**    **Confidential Information.**

The term "Confidential Information" shall mean the following: non-public financial and business information of the parties that is maintained in a confidential manner, including but not limited to financial account data and projections; nonpublic information regarding relationships with non-parties, tax returns; non-public personnel records, manuals, compilations, trade secret

and other confidential research, development or commercial information within the meaning of Fed. R. Civ. P. 26(c)(1)(G).

"Confidential Information" shall also include materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Any party may designate as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" any Confidential Information that the party believes in good faith is of such a sensitive or secret nature that disclosure of such information to any other party or non-party reasonably poses the risk of competitive injury and may compromise and/or jeopardize its business interests even if protected by a CONFIDENTIAL designation.

### 1.2     Party and Parties.

As used herein, the term "party" means Kesters Merchandising Display International, Inc., Edward Waldman, and E.H. Waldman Art & Furniture Studio, LLC. The term "parties" is the plural form of "party."

### 1.3     Producing Party.

As used herein, the term "producing party" means a party voluntarily or involuntarily providing or disclosing documents, information or tangible things as part of discovery in this case.

### 1.4     Requesting Party.

As used herein, the term "requesting party" means a party seeking the disclosure or production of documents, information or tangible things as part of discovery in this case.

### 1.5 Designating Party.

As used herein, the term "designating party" means a party asserting that documents, information or tangible things constitute or contain Confidential Information and stamping or otherwise marking the documents or other materials as confidential pursuant to subparagraph 2.1 below.

### 1.6 Objecting Party.

As used herein, the term "objecting party" means a party challenging or disputing the validity of another party's designation of documents or tangible things as confidential pursuant to paragraph 5 below.

### 2. Initial Designations.

### 2.1 Produced Documents.

If a party believes that any written, recorded or graphic material, tangible items, electronically stored information or any other form of information that it produces in this action pursuant to discovery, subpoena, Court order, written discovery request or agreement of the parties contains Confidential Information, it may designate such material as confidential by stamping the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" on the document or written discovery material.  Materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" and all documents, including court filings, which quote from, summarize or comment on any such materials shall be treated as Confidential Information as set forth in this Order and shall be used solely for the prosecution or defense of this matter (including any appeals).  Subject to a party's right to object, the designation of documents as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL–ATTORNEYS' EYES ONLY" means that the document or documents so designated qualify for the protections herein.

   2.2   **Interrogatory Answers**.

If a party answering an interrogatory believes that the answer contains Confidential Information, the party shall set forth that answer in a separate document that is produced and designated as Confidential Information in the same manner as produced documents and tangible things under subparagraph 2.1. The answers to interrogatories shall reference the separately- produced document containing the confidential answer. The separate document containing Confidential Information shall not be attached to the answers to interrogatories and shall be deemed to be verified by the signature of the responding party applicable to the answers to interrogatories.

   2.3   **Production in Electronic Form.**

If a producing party elects to produce in electronic form documents or other information that contain Confidential Information, the producing party shall ensure the electronic documents or information contain designations of Confidential Information pursuant to subparagraph 2.1, so that if any electronic information is printed, the designation will appear on the printed copy.

   2.4   **Depositions.**

Deposition testimony shall be treated as containing Confidential Information under the terms of this Protective Order if so designated at any time on the record during the deposition or otherwise in writing within thirty (30) days after receipt of a deposition transcript. The party making such a designation will indicate the pages or sections of the transcript that are to be treated as confidential. The designation of documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" means that the testimony or transcript

portions so designated qualify for the protections herein. All parties in possession of a copy of a designated deposition transcript shall appropriately label or mark it as containing Confidential Information.

**3.    Handling of Confidential Information.**

**3.1    Authorized Disclosures.**

The parties shall not disclose or disseminate documents or other information designated "CONFIDENTIAL" to any person except the following:

(a)    the parties in the above-captioned matter, including current or former employees and/or agents of the parties that are assisting with this litigation and who have executed an agreement in the form attached hereto as Exhibit A;

(b)    counsel of record and other counsel for the parties and counsel's employees and/or agents that are assisting with this litigation;

(c)    outside experts and consultants working with counsel for the parties, which are requested by counsel, in good faith, to provide assistance in connection with this action and who have executed an agreement in the form attached hereto as Exhibit A;

(d)    the Court (including court reporters, stenographic reporters and other Court personnel);

(e)    any other person as to whom the producing party agrees in writing and who executes an agreement in the form attached hereto as Exhibit A; and

(f)    any witness to whom disclosure is necessary for the prosecution or defense of the action, and who have executed an agreement in the form attached hereto as Exhibit A.  Disclosure of materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

EYES ONLY" shall be limited to the persons designated in subparagraphs 3.1(b), (c), (d), and (e), above.

  **3.2**  **Maintenance of Agreements.**

The written agreements required before authorized disclosure of Confidential Information to the persons or entities described in subparagraph 3.1 (a), (c), (e), and (f) shall be maintained by counsel for the disclosing party until ninety (90) days after the conclusion of this case.

  **3.3**  **Unauthorized Disclosures.**

If Confidential Information is disclosed to any person or entity other than in the manner authorized by this Protective Order, the party responsible for the unauthorized disclosure shall immediately notify the designating party in writing. Without prejudice to any other rights and remedies of the designating party, the responsible party shall make every reasonable effort to obtain the return of the Confidential Information and to prevent any further disclosure of the Confidential Information.

  **3.4**  **Use of Own Confidential Information.**

Notwithstanding any other provisions of this Order, it shall have no effect on, and shall not limit or restrict, any party's use of documents from its own files, its own Confidential Information, or information that a party already has in its possession or has access to under preexisting agreements.

  **3.5**  **Use and Disclosure of Public Domain Materials.**

This Protective Order governs use, dissemination, and disclosure of properly designated Confidential Information only. It does not affect in any way the rights of the parties to use,

disseminate, or disclose materials legitimately obtained either from the public domain or from a source other than the discovery process in this case.

**3.6	Court Filings.**

To the extent a party seeks to file Confidential Information with the Court, it shall file a motion seeking leave to file the particular document under seal pursuant to D. Kan. Rule 5.4.6 and the procedure described in the Standing and Administrative Orders Regarding Procedural Rules for Electronically Filing Documents Under Seal in a Civil Case in the United States District Court for the District of Kansas.

**4.	Use of Confidential Information at Pretrial Hearings.**

At least 48 hours prior to any party's use of Confidential Information in a pretrial hearing, that party shall notify the Court and the designating party and shall identify the Confidential Information to the designating party.  The designating party shall have the right to request that the Court take steps to ensure the continued confidentiality of the Confidential Information.

**5.	Objections to Designations.**

Any party may at any time notify the other party, or, if applicable, a non-party, in writing, or in the case of a deposition, either upon the record of a deposition or in writing later, of its objection to the designation of any material as Confidential Information. In that event, the challenging and designating parties shall attempt to resolve any disputes on an informal basis.  If the dispute cannot be resolved, either the designating party or challenging party may, on reasonable notice, apply for an appropriate ruling from the Court.  The material in issue shall continue to be treated as Confidential Information until the Court orders otherwise.

**6. Other Disclosures.**

If counsel for a party receiving Confidential Information desires to disclose it to any person other than those referred to in paragraph 3, such counsel shall give ten days written notice to counsel for the designating party. Such written notice shall specify the information counsel wishes to disclose and the identity of each person or categories of persons to whom such disclosure is sought to be made. In that event, the parties shall attempt to resolve the request informally. If the request cannot be resolved, the requesting party, upon reasonable notice, may move for an order of the Court permitting disclosure of such material to such person. The Confidential Information shall not be disclosed unless and until the Court orders that it is non-confidential or orders that its disclosure to any such person is permissible.

**7. No Implied Waivers.**

(a) The entry of this Protective Order shall not be interpreted as a waiver of the right to object, under applicable law, to the production of information in response to discovery requests, to the use or admission of any information at a pretrial hearing or trial, or to a requested inspection of documents, things, or facilities.

(b) The inadvertent failure by a producing party to designate a document or testimony or other information as Confidential Information shall not constitute a waiver of such party's right to subsequently designate the document, testimony, or other information when the error is discovered. Any such designation shall be effective when communicated in writing to counsel for the receiving party within thirty (30) days of production. After the expiration of thirty (30) days, the producing party may seek relief from the Court. No party will be deemed to have violated any provision of this Protective Order by treating or handling such information as nonconfidential prior to the receipt of written notification of the failure to designate the

information as Confidential Information. In addition, the written notification does not impose an obligation to retrieve any documents or tangible things that have otherwise been properly disseminated to any third party prior to receipt of the written notification.  If, however, the documents or tangible things at issue can reasonably be retrieved so that all copies or versions can be properly designated, the parties agree to make good-faith efforts to do so.

       8.      **Clawback.**

Due to the large volume of electronic and hard copy data that may be in the possession, custody or control of the parties and the numerous concerns regarding attorney-client privilege and work product protection, a "Clawback" provision is appropriate to expedite and facilitate the production of electronic and hard copy data, information and documents, and to protect against the inadvertent disclosure of attorney-client privileged communications or work product materials.  The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including but not limited to information or documents that may be considered Confidential Information under this Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as privileged or subject to the work product doctrine at a later date.  Any party receiving such information or document shall return it upon request from the producing party.  Upon receiving such a request, the receiving party shall (1) destroy all copies of the information or document within five (5) business days, regardless of whether the receiving party agrees with the claim of privilege and/or work product protection; and (2) return the information or document to the producing party within five (5) business days, regardless of whether the receiving party agrees with the claim of

privilege and/or work product protection.  Permitted disclosure of the information or document, as defined above, by the other party prior to such later designation shall not be deemed a violation of the provisions of this Order.

        9.      **Effective Length.**

During and after the conclusion of this litigation, including any appeals, the restrictions on communication and disclosure set forth in this Order shall continue to be binding upon the parties and all other persons who have signed the Agreement to Terms of Protective Order, attached as Exhibit A hereto, and to whom Confidential Information has been communicated or disclosed pursuant to the provisions of this Order or any other order of any applicable court of competent jurisdiction.

        10.      **Handling Upon Conclusion of Case.**

Within sixty (60) days after the final termination of this proceeding, including any proceedings in any appellate court, each party, upon the request of the other party, shall destroy or return to the designating party all copies of any Confidential Information designated by the other party (including any such information disclosed to third persons), except for any attorneys' work product and except for any such material that has become part of the record.  Any Confidential Information retained pursuant to this paragraph shall continue to be governed by this Order until destroyed.

        11.      **No Other Rights Affected.**

Nothing in this Order shall prevent any party from seeking amendments broadening or restricting the rights of access to or the use of Confidential Information or otherwise modifying this Order, and this Order may be amended by filing a motion seeking leave of the Court to do so.  Nothing in this Order shall be construed to preclude a party who has received

Confidential Information pursuant to this Order from producing such information in response to valid subpoena or order issued by a court or agency of competent jurisdiction in connection with any other action, upon the giving of ten (10) days' notice to the party who has designated the material as confidential, or upon an appropriate order.

**12. Miscellaneous.**

(a) Counsel for any party producing Confidential Information shall have the right to exclude from any deposition any person (other than the deponent, court reporter, and any videographer), who is not allowed access by this Protective Order to Confidential Information. This right to exclude shall be applicable only to those periods of examination or testimony discussing or disclosing Confidential Information.

(b) A producing party shall Bates number or provide another unique identifying number for each page of each document that is designated as Confidential Information and produced in this case.

(c) The procedures established by this Protective Order are intended to be cumulative and in addition to any party's right to seek further or different protection or relief from the Court regarding any issue addressed herein. This Protective Order is without prejudice to the right of any party to apply to the Court at any time for modification of, or exception to, this Protective Order.

(d) As stated in Guideline 5 of the Court's Guidelines for Agreed Protective Orders, the Court's jurisdiction to enforce this Protective Order terminates upon final disposition of this case. A party may, however, file a motion to seek leave to reopen the case to enforce the provisions of this Protective Order.

**IT IS SO ORDERED.**

Dated this 15th day of May 2017, at Kansas City, Kansas.

                                                   s/ James P. O'Hara
                                                   James P. O'Hara, U.S. Magistrate Judge

cc:     All counsel

# EXHIBIT A
# AGREEMENT TO TERMS OF PROTECTIVE ORDER

1. I, _____, have read the Protective Order entered on _____, 2017, in *Kester Merchandising Display International, Inc. v. Edward Waldman and E.H. Waldman Art & Furniture studio*, LLC. Case No. 2:16-cv-02783-DDC-JPO, currently pending or on appeal from the United States District Court for the District of Kansas, and a copy of it has been provided to me.

2. I understand the provisions of the Protective Order, and agree to comply with and to be bound by those provisions.

3. I submit to the jurisdiction of the United States District Court of Kansas, and the state and federal courts of the locations from which Confidential Information was produced, for any proceedings with respect to the Protective Order and agree to be subject to the judgment of such courts with respect to issues related to the Protective Order if litigation is filed against me and I am properly served with process.

4. I will keep in confidence, and will not divulge to anyone other than those permitted to have access under the terms of the Protective Order, or copy or use except solely for the purposes of this case, any documents, testimony or other information designated as Confidential Information (as defined in the Protective Order) pursuant to the Protective Order.

5. I will return all Confidential Information to counsel who provided the Confidential Information to me, or destroy it, within thirty (30) days after I am notified that this case has concluded. If Confidential Information is destroyed, I will certify in writing that the destruction has been completed.

Name:_____ Date:_____